JAMES DUNMORE ET AL. v. STATE OF MISSISSIPPI.

CRIMINAL LAW.  *Rape.  Confessions.  Evidence.*

> In a prosecution for rape, evidence is admissible of voluntary incul-
> patory and exculpatory statements made by defendants in a con-
> versation between them and witness in the presence of a sheriff,
> although made while defendants were handcuffed and in the
> sheriff's custody.

FROM the circuit court of Hancock county.

HON. WILLIAM T. McDONALD, Judge.

James Dunmore and William Wallace, the appellants, were
indicted, tried, and convicted of rape, and appealed to the
supreme court.

On the trial Amelia King, the prosecutrix, testified that she
was going along the path, carrying clothes, when defendants
came to her and caught her and threw her down, and Dunmore
held her down while Wallace had sexual intercourse with her;
that she resisted all she could, and hallooed, and two persons
came up, and the boys (defendants) ran away.  W. J. Gex
testified for the state as follows: "The day they (defendants)
were tried I was on my way from Pearlington, and when I got
on the boat I was attracted to Mr. Ballentine, who had a pistol
strapped around him.  I walked to him, and saw him sitting in
front of these two boys (defendants), who were handcuffed.  I
said, 'What is the matter?' and he said: 'Ask them; they will
tell you.'  I said, 'What are you bringing them to jail for?'
and he said, 'It is no secret; they pleaded guilty;' and one of
them said, 'They have got us up for doing it to a little girl,'
and said, 'The boy with the short pants on got it from a little
colored girl;' and the boy in the short pants said, 'I am no'
more guilty than you are;' and the boy in the long pants said,
'I did not get any, for I held her while you got it;' and the boy
in the short pants said, 'I didn't.'  The big boy said the little

one did it, and the small one said, 'You would have got some if some one had not come along.' The officer was sitting directly in front of them. He had a pistol strapped around him, and the boys were handcuffed."

*Mayben & Parker,* and *D. B. Seal,* for appellants.

Where there are two reasonable hypotheses arising from, and supported by, the evidence in a criminal case—one of guilt and one of innocence—it is the duty of the jury to adopt the one consistent with innocence, although the other be more probable. *Thompson* v. *State,* 83 Miss., 287.

The alleged confession made to Gex and Ballentine, on the boat from Pearlington to English Lookout, is of the tainted variety that has been condemned from time immemorial, such as has never had judicial sanction anywhere. Do we state the rule correctly when we say "a confession is inadmissible when obtained by any hope or fear, however slight or remote?" And this court will note that even had this confession been admissible, it was not a confession of guilt, as to the commission of the crime of rape, but a confession of having had sexual intercourse with Amelia King. But this alleged confession would have been inadmissible if the charge had been for unlawful cohabitation.

A confession, extracted by hope inspired by inducements held out by the officer who had the prisoner in charge, is not free and voluntary under any authority. *Mackmasters* v. *State,* 82 Miss., 459.

*William Williams,* attorney-general, for appellee.

There is a conflict in the testimony, but the jury believed the witnesses who testified in behalf of the state. They had the witnesses before them, saw their demeanor on the stand, heard them testify, and believed the truthfulness of their statements to the extent that they were willing to find a verdict of guilty and fix the punishment of the appellants in the penitentiary for life.

The testimony of the witnesses Gex and Ballentine was clearly admissible in evidence. The statements made by the appellants in their presence were voluntarily made. There is not a word in the record to show that the statements were extracted by hope inspired by inducements held out by either of the witnesses.

TRULY, J., delivered the opinion of the court.

We find no error of law in this record, and as there is sufficient testimony, if believed by the jury, to sustain the verdict, we will not disturb their finding upon a question of fact alone.

The testimony of Gex was admissible under well-understood rules of evidence. There was no proof that the statements made by the defendants as related by the witnesses were in any manner influenced by the advice of the officer, or induced by threat, hope of leniency, or any promised escape from prosecution. The circuit judge displayed every consideration for the rights of the appellants in correctly refusing to admit the testimony of the officer as to their statements before the committing magistrate, but by no stretch of the rule can the conversation detailed by Gex, and as to which he is corroborated by Ballentine, be condemned. Assuredly it will not be contended that the conversation which was begun by the inquiry of Gex, but which was thereafter continued by and between the two accused alone, was not absolutely free and voluntary. In the course of the altercation subsequently arising, and which was unquestionably competent and admissible, not only were the admissions made to Gex reiterated, but in the attempt of each to exculpate himself and incriminate the other, all the details of the occurrence were disclosed and discussed. And this circumstantial narration of events coincided in certain striking particulars with the prosecutrix's own version of the affair as related on the trial. We are not unmindful of the force of the argument, stressed with signal power, eloquence, and ability by counsel for appellants, that the charge in the instant case is one easy to false-

ly make, yet difficult to defend or disprove, and that for this reason the evidence supporting such conviction should be weighed with the utmost exactness, and the story of the prosecutrix subjected to careful scrutiny. Neither are we oblivious of the many inducements which might tempt an adulteress, upon detection in the act, to distort a mutual agreement into a brutal outrage—an assignation into an assault. But, while remembering these things, we cannot be forgetful that under our law the juries, and not the judges, are the triers of fact, and, in the absence of error of law prejudicial to a fair trial of parties accused, we will in no case usurp the function of the jury, unless it plainly appear there has been a palpable miscarriage of justice. In view of the many corroborative circumstances sustaining the story of the prosecutrix and strengthening the theory of the state, we are constrained to uphold the verdict.

*Affirmed.*